Stewart v Goldstein (2019 NY Slip Op 06865)





Stewart v Goldstein


2019 NY Slip Op 06865


Decided on September 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2019

Friedman, J.P., Renwick, Tom, Gesmer, Oing, JJ.


9924 805445/13

[*1]Elvera Stewart, Plaintiff-Respondent,
v
Jeffrey Goldstein, M.D. et al., Defendants-Appellants, NYU Hospital Center, et al., Defendants.


Koster, Brady & Nagler, LLP, New York (Louis Badolato of counsel), for Jeffrey Goldstein, M.D., appellant.
Gerspach Sikoscow, LLP, New York (Alexander Sikoscow of counsel), for Jason Gallina, M.D., appellant.
La Sorsa & Beneventano, White Plains (Gregory M. La Sorsa of counsel), for respondent.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about March 6, 2018, which, insofar as appealed from, denied defendants Jeffrey Goldstein, M.D.'s and Jason Gallina, M.D.'s motions for summary judgment dismissing all claims as against them, unanimously modified, on the law, to grant the motions as to the claim of lack of informed consent, and otherwise affirmed, without costs.
Defendants' motions for summary judgment were correctly denied as to the claim that plaintiff suffered injuries during spinal surgery as a result of defendant doctors' negligently "permitting a guide-wire to break off in the L4 vertebral body" and "failing to recognize and retrieve" the guide-wire "in a timely fashion."
As an initial matter, the affidavit by plaintiff's expert was properly considered. Although the affidavit as initially submitted was not notarized and did not qualify as an affirmation under CPLR 2106, plaintiff corrected this defect by submitting a notarized version of the affidavit at oral argument.
It is not possible to determine as a matter of law what caused the subject guide-wire to break and advance anteriorly. The parties' experts offered conflicting opinions on this issue, but all of their opinions are largely speculative. The most these experts can do is suggest possible causes of the surgical complication, and none can state with reasonable certainty what the actual cause was.
Factual questions also exist as to when, whether, and how the tap placed over the subject guide-wire became defective, whether the defect was just another side effect of improper surgical technique, and whether defendants should have noticed the defect before surgery.
Moreover, even if the guide-wire retrieval was performed perfectly, it required an incision that would not have been necessary had the guide-wire not broken and advanced anteriorly. This is sufficient to constitute injury. If defendants are ultimately found to have caused the guide-wire complication, then they must also be found to have caused this injury, which resulted from their attempt to correct the complication.
The claim of lack of informed consent should be dismissed as abandoned. Plaintiff's expert affidavit makes clear that this claim was not directed at Gallina, and plaintiff failed to address Goldstein's arguments regarding this issue on appeal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 26, 2019
CLERK